UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| REBECCA SILLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.  1:04-CV-00149 |
| | ) | |
| BENDIX COMMERCIAL VEHICLE SYSTEMS, LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Rebecca Sills filed on April 7, 2005, Plaintiff's Motion to Reopen Discovery and Stay Briefing on Defendant's Motion for Summary Judgment ("Motion to Reopen Discovery"), requesting that the Court reopen discovery for purposes of conducting a Federal Rule of Civil Procedure 30(b)(6) deposition and stay the briefing schedule on Defendant's Motion for Summary Judgment. (Docket # 26.) Sills also filed on April 18, 2005, Plaintiff's Second Motion to Compel, asking that the Court order Defendant Bendix Commercial Vehicle Systems, LLC ("Bendix"), to produce documents responsive to Sills's earlier document request. For the reasons provided herein, Sills's Motion to Reopen Discovery will be GRANTED in part, and her Second Motion to Compel will be DENIED.

### FACTUAL AND PROCEDURAL BACKGROUND

On April 15, 2004, Sills filed a complaint against Bendix alleging that it discriminated and retaliated against her when she sought leave under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (FMLA). (Compl. and Jury Demand ¶ 8.)  The parties participated in a planning meeting on June 1, 2004, and a preliminary pretrial conference on June 9, 2004,

whereby a deadline of January 31, 2005, was established for discovery. (Agreed Report of Parties' Planning Meeting ¶ 3; Docket # 13.) The parties agreed to schedule the deposition of Bendix's Rule 30(b)(6) designee, Tricia Miller, Human Resources Generalist, after the close of discovery. (Joint Mot. for Enlargement of Time ¶ 3.) After the deposition, Sills filed her first motion to compel seeking Bendix's response to a *modified* Request for Production No. 12, which included copies of all FMLA paperwork, disciplinary action documentation, and attendance records of employees who had requested FMLA leave from 2000 to present. (Pl.'s Mot. to Compel at 1, 3.)[1]  The Court granted Sills's motion, and on March 18, 2005, Sills received over 3,000 pages of documents from Bendix. (Docket # 22.)

Sills, however, alleges that significant gaps exist in the documentation provided by Bendix, and requests that the Court (1) order Bendix to produce the remaining documentation pursuant to the Court's March 3 Order and (2) reopen discovery so that she can further depose Miller as to her knowledge of any missing documentation and the employees' personnel history associated therewith. (Mot. to Reopen Disc. at 6.) Sills also requests, pursuant to Plaintiff's Second Motion to Compel, that the Court order Bendix to produce FMLA paperwork, disciplinary action documentation, and attendance records for six employees who requested FMLA leave between January 1, 1998, and January 1, 2000. (Pl.'s Second Mot. to Compel at 3.)

**DISCUSSION**

Sills vehemently asserts that Bendix has not produced all of the documents in response to the Court's March 3 Order; she further contends that, if Bendix does not produce the documents,

---

[1] Sills's original Request for Production No. 12 sought "[t]he complete personnel files, including any independent files kept by supervisors, time cards, attendance records, FMLA requests and responses and disciplinary actions, of all employees who performed the same or similar duties as Plaintiff from January 1, 1998 to the present." (Pl.'s Mot. to Compel at 1.)

2

the only way to fill in the gaps is to depose Miller regarding her knowledge of the missing documents and the employees' personnel history associated therewith.  Bendix, however, opposes Sills's motion; it argues, and filed an affidavit of Miller in support thereof, that it has diligently searched its records and has produced all of the documents required by the Court's March 3 Order.  (*See* Def.'s Resp. to Pl.'s Mot. to Reopen Disc. and Stay Briefing on Def.'s Mot. for Summ. J. at 3-5, Ex. A.)  Moreover, Bendix asserts that many of Sills's allegations pertain to employees who were no longer employed by Bendix in 2000 and, thus, fall outside of the scope of the Court's March 3 Order. (*Id*.)

The decision to reopen discovery rests within the broad discretion of the Court. *See Ty, Inc. v. Publ'ns Int'l, Ltd.*, 2003 WL 21294667, at *6 (N.D. Ill. 2003); *see also Reytblatt v. Nuclear Regulatory Comm'n*, 1991 WL 140920, at *2 (N.D. Ill. 1991).  Here, Sills clearly has some unanswered questions arising out of the first Rule 30(b)(6) deposition and the documents produced pursuant to the Court's March 3 Order – questions which, she contends, when answered are likely to directly support the elements of her claim.  *See generally* Fed. R. Civ. P. 26(b)(1) (permitting discovery into "any matter, not privileged, that is relevant to the claim or defense of any party").  Sills further emphasizes that had Bendix been more cooperative during the discovery period, she would not be in the predicament she is in now, *after* the close of discovery. *Cf. Ty,* 2003 WL 21294667, at *6 (denying a request to reopen discovery when a party offered no reasonable explanation for its failure to take discovery during the discovery period).  The Court finds Sills's arguments persuasive.

During the hearing on this motion, both parties were amenable to Bendix filing a supplemental affidavit that responds directly to the missing documentation articulated in Sills's

3

Motion to Reopen Discovery.  Therefore, following Sills's receipt of the supplemental affidavit, the parties are ordered to confer in accordance with Rule 37 to further limit the scope of the relevant discovery; in the event Bendix disputes the relevancy of any employee record, it may seek a protective order for such record.  Following the Rule 37 conference, Sills is granted leave to further depose Miller as to any remaining unanswered questions associated with the missing documentation and the employees' personnel history associated therewith.

As to Sills's pending motion to compel, Sills requests that the Court order Bendix to produce:

> [c]opies of all FMLA paperwork, including initial application and determinations with reasons as to whether granted or not, all disciplinary action documentation which has not already been produced, and all attendance records for Peggy Hiner, Guadelupe Vallejo, Kim Little, John Scott Rice, Kelly Mattice and Anna Holman.

(Pl.'s Second Mot. to Compel at 3.)  Sills states that she requested these documents in her initial Request for Production No. 12, but found they were inadvertently excluded when she agreed to narrow the time period of her request in response to Bendix's resistance to production of the documents. (*Id*.; *see also* Pl.'s Mot. to Compel.)  Sills further argues that such employees' documents could be relevant to her case, and that it is only due to Bendix's ongoing refusal to produce the documents that this issue arose after the close of discovery. (Pl.'s Second Mot. to Compel at 2.)

Nonetheless, Sills cannot turn back the clock; she agreed to narrow her initial Request for Production No. 12 and, in doing so, these employees fell outside of the scope of her first motion to compel. Stated another way, Sills's modified Request for Production No. 12 supplanted her original one, and since Bendix fully complied with the modified version in regard to these six employees, there is no outstanding request that is subject to a motion to compel.  *See* Fed. R.

4

Civ. P. 37(a)(2)(B).  Therefore, to now order Bendix, after the close of discovery, to comply with an earlier discovery request, which Sills ultimately agreed to narrow, is overreaching.  *See Data-Link Sys., Inc. v. Data Line Serv. Co., Inc.*, 148 F.R.D. 225, 228 (N.D. Ind. 1992) (denying motion to compel stating that "to the extent that [plaintiff] . . . is seeking to expand the scope of its earlier requests to include documents generated after [defendant's] previous responses, [this request] would clearly represent nothing more than harassment.").  Therefore, Sills's motion to compel will be denied.

## CONCLUSION

For the reasons stated herein, Plaintiff's Second Motion to Compel (Docket # 30) is DENIED, and Plaintiff's Motion to Reopen Discovery (Docket # 26) is GRANTED in part, as follows:

1.  Defendant shall file a supplemental affidavit responsive to the missing documentation identified in Plaintiff's Motion to Reopen Discovery on or before May 6, 2005.

2.  Within fifteen days of the filing of Defendant's supplemental affidavit, the parties shall confer person-to-person in accordance with Rule 37 to further narrow the scope of the relevant discovery; in the event of a dispute as to the relevancy of any employee record, Defendant may seek a protective order for such record.

3.  Within fifteen days of the parties' conference, the parties shall schedule and complete the Rule 30(b)(6) deposition of Miller pertaining to the outstanding discovery.

4.  Plaintiff shall have up to and including thirty days after the Rule 30(b)(6)

deposition to file her response brief to Defendant's Motion for Summary Judgment.

SO ORDERED.

Enter for April 21, 2005.

                                                        S/Roger B. Cosbey
                                                        Roger B. Cosbey,
                                                        United States Magistrate Judge